IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **FABIAN TERRAN MURRAY,** | : | **MOTION TO VACATE** |
| BOP Reg. # 64102-019, | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:12-CR-285-WSD-AJB-2** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:16-CV-1403-WSD-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant, Fabian Terran Murray, confined in the United States Penitentiary in Tucson, Arizona, has submitted a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:12-cr-285-WSD-AJB-2. [Doc. 433.][1] The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:12-cr-285-WSD-AJB-2.

## I. Discussion

In a second superseding indictment returned on January 28, 2014, Movant was charged, in relevant part, with sex trafficking of a minor, in violation of 18 U.S.C. §§ 2 and 1591(a)(1) & (b)(1). [Doc. 201 at 4-5.] On April 18, 2014, Movant pleaded guilty to that charge. [Doc. 326.] On May 12, 2015, the District Court sentenced Movant to 215 months imprisonment, followed by five years supervised release. [Doc. 411 at 1; Doc. 412 at 1-3.] Movant filed a timely appeal, which is pending before the United States Court of Appeals for the Eleventh Circuit. *See United States v. Murray*, No. 15-12267 (11th Cir. filed May 21, 2015). [Doc. 414.] Movant executed his § 2255 motion on April 8, 2016. [Doc. 433 at 12.]

Movant claims that his counsel provided ineffective assistance by failing to file an appeal, as Movant requested. [*Id.* at 4.] The record plainly shows that Movant filed his notice of appeal on May 21, 2015, which was nine days after the District Court sentenced him, and he is represented on appeal by Attorney Akil K. Secret. [Docs. 414, 418.] The docket sheet for Movant's appeal shows that briefing is complete, but the Eleventh Circuit has not yet issued a decision.

> In the absence of extraordinary circumstances, a district court does not have jurisdiction to consider or rule on a § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or

2

AO 72A
(Rev.8/82)

sentence. . . .  The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice.

*Blair v. United States*, 527 Fed. Appx. 838, 839 (11th Cir. Aug. 22, 2013) (per curiam) (citations omitted).  Because there are no extraordinary circumstances in the present case, the District Court should dismiss the § 2255 motion without prejudice pursuant to Rule 4(b).[2]

## II.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that

---

[2]   In a separate Order, the undersigned is denying without prejudice Movant's motions to compel counsel "to release case files" relevant to the § 2255 motion.  [Docs. 431, 432.]  Movant filed those same motions to compel in his other criminal case, but he did not file a § 2255 motion in that case, which is also on appeal.  *See* Motions to Compel, [Docs. 207, 208], *United States v. Murray*, No. 1:12-cr-286-WSD-AJB-1 (N.D. Ga. Dec. 7, 2015, & Jan. 19, 2016).  Those motions to compel have been submitted to the District Court.

3

reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issue presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that: (1) the motion to vacate, set aside, or correct

4

AO 72A
(Rev.8/82)

sentence, [Doc. 433], be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(b); (2) a COA be **DENIED**; and (3) civil action number 1:16-cv-1403-WSD-AJB be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  13th  day of May, 2016.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)