**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **FABIAN TERRAN MURRAY,** | |
| **Movant,** | **Criminal Action No.**<br>**1:12-cr-00285-WSD-2** |
| **v.** | |
| **UNITED STATES OF AMERICA,** | **Civil Action No.**<br>**1:16-cv-01403-WSD** |
| **Respondent.** | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [437][1] ("R&R"), recommending dismissal of Movant Fabian Terran Murray's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [433] ("Section 2255 Motion"). Also before the Court is Movant's Objections [439] to the R&R.

## I.    BACKGROUND

On April 18, 2014, Movant pled guilty to one count of sex trafficking of minors, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), (b)(2), and one count of

---

[1]    Citations to the record, in this Opinion and Order, refer to case number 1:12-cr-285-WSD-AJB-2.

conspiracy to engage in sex trafficking of minors, in violation of 18 U.S.C.

§ 1594(c).  ([326]).  On May 12, 2015, the Court sentenced Movant to 215 months

in prison, followed by 5 years of supervised release.  ([411] at 1; [412] at 1-3).  On

May 17, 2015, Movant filed his Notice of Appeal of his sentence [414].  On

April 8, 2016, while his appeal was pending, Movant filed his Section 2255

Motion, asserting that he received ineffective assistance of counsel because,

contrary to his instructions, his counsel failed to file a direct appeal.  The record

shows that Movant timely filed a direct appeal and was represented by counsel on

appeal.  ([414]; [418]).

On May 13, 2016, the Magistrate Judge issued his R&R, recommending that

Movant's Section 2255 Motion be denied because it was filed during the pendency

of his direct appeal.  On May 31, 2016, Movant filed a one-sentence objection to

the R&R, asserting that he "was denied effective assistance of counsel for failing

to file a Direct Appeal after being sentenced."  ([439]).  On June 28, 2016, the

Court of Appeals for the Eleventh Circuit affirmed Movant's sentence.  ([441]).

II.    DISCUSSION

A.    Legal Standard

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1);

Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S.

1112 (1983).  A district judge "shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which

objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and

recommendations to which objections have not been asserted, the Court must

conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093,

1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Movant's only objection is that he "was denied effective assistance of

counsel for failing to file a Direct Appeal after being sentenced."  ([439]).  This

constitutes a bare assertion that Movant is entitled to relief.[2]  The Court reviews the

R&R for plain error because Movant's objection is "[f]rivolous, conclusive, or

general" and does not "specifically identify those findings objected to."

Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

B.    Analysis

Absent "extraordinary circumstances," "the appropriate course of action for

addressing a § 2255 motion filed during the pendency of the direct appeal is to

---

[2]    The Court also notes that Movant timely filed a direct appeal and was
represented by counsel on appeal.  ([414]; [418]).

dismiss the § 2255 action without prejudice."  <u>Blair v. United States</u>, 527 F. App'x 838, 839 (11th Cir. 2013).  The Magistrate Judge found that, because Movant's Section 2255 Motion was filed during the pendency of his direct appeal, and no extraordinary circumstances exist, Movant's motion should be dismissed without prejudice.  The Magistrate Judge found further that a certificate of appealability should be denied because it is not debateable that Movant's Section 2255 Motion should be dismissed.  The Court finds no plain error in these determinations.  <u>See</u> <u>id.</u> ("Because Blair was pursuing a direct appeal from his criminal conviction in this Court at the time he filed his § 2255 motion, and because there were no extraordinary circumstances requiring immediate consideration of that motion, the district court lacked jurisdiction to consider it.").

**III.   CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [437] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant Fabian Terran Murray's Objections [439] to the Final Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that Movant Fabian Terran Murray's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody [433] is **DISMISSED WITHOUT PREJUDICE**.

   **IT IS FURTHER ORDERED** that a certificate of appealability is

**DENIED**.

   **IT IS FURTHER ORDERED** that civil action number 1:16-cv-1403-WSD

is **DISMISSED WITHOUT PREJUDICE**.


   **SO ORDERED** this 20th day of September, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

5