IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **FABIAN MURRAY,** | : | **MOTION TO VACATE** |
| BOP Reg. # 64102-019, | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:12-CR-285-AT-AJB-2** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:17-CV-3084-AT-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Movant, Fabian Murray, filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. [Doc. 458.][1] The Government filed a response in opposition, [Doc. 462], and Movant filed a memorandum of law in support of the § 2255 motion, [Doc. 463-1 at 2-28]. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

**I.   28 U.S.C. § 2255 Standard**

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the

---

[1]   Citations to the record in this Final Report and Recommendation refer to case number 1:12-cr-285-AT-AJB-2.

United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).  "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2]).  The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).  "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

2

the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief.

## II. Discussion

On April 18, 2014, Movant pleaded guilty to sex trafficking of minors, in violation of 18 U.S.C. §§ 2 and 1591(a)(1) & (b)(1), and conspiracy to engage in sex trafficking of minors, in violation of 18 U.S.C. § 1594(c). [Docs. 201, 326.][3] On May 14, 2015, the District Court, *Duffey, J.*, filed the Judgment and Commitment, sentencing Movant to 215 months of imprisonment, followed by five years of supervised release. [Doc. 412.] The United States Court of Appeals for the Eleventh Circuit affirmed. *See United States v. Murray*, 653 Fed. Appx. 714 (11th Cir. June 28, 2016) (per curiam). [Doc. 441.]

Movant timely executed his § 2255 motion on August 8, 2017. [Doc. 458 at 12.]

---

[3] *See also* Documents 115 & 140, *United States v. Murray*, No. 1:12-cr-286-AT-AJB-1 (N.D. Ga. Feb. 19 & Apr. 18, 2014).

3

Movant presents the following grounds for relief:

1. Trial counsel provided ineffective assistance by failing to
   (a) investigate "hotel video footage," question witnesses, and contact a medical expert,
   (b) move to dismiss the indictment for lack of jurisdiction,
   (c) properly advise Movant on the plea agreement,
   (d) argue at sentencing that the Government breached the plea agreement,
   (e) move to suppress all evidence, and
   (f) seek a competency hearing.

2. A Magistrate Judge improperly denied Movant's request to dismiss trial counsel.

3. "[T]he Court did not give a specific statement of reasons on the record to determine exactly which part of [the statutes were] violated [by Movant]."

4. Movant's access to counsel was denied when Movant "was placed into the hole (segregation) without any type of hearing . . . ."

5. The Court should have held a competency hearing.

[*Id.* at 4-9; Doc. 463-1 at 6-28.]

### A. <u>Ground One</u>

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's

performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [pleading guilty] and going to trial." *Searcy v. Fla. Dep't of Corr.*, 485 Fed. Appx. 992, 997 (11th Cir. Aug. 9, 2012) (per curiam) (quoting *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)) (internal

AO 72A
(Rev.8/82)

quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of *Strickland* by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Connolly v. United States*, 568 Fed. Appx. 770, 770-71 (11th Cir. June 10, 2014) (same). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

Most of Movant's claims of ineffective assistance of trial counsel are waived because they concern counsel's assistance before Movant pleaded guilty. A criminal defendant who has pleaded guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1151 n.38 (11th Cir. 1991). The entry of a guilty plea "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (per curiam)).

Insofar as Movant claims that counsel's alleged ineffectiveness caused him to

AO 72A
(Rev.8/82)

plead guilty involuntarily, Movant must satisfy *Strickland* and *Hill*. However, Movant indicated during the plea colloquy that he understood his rights, charges, and plea agreement. [Doc. 363 at 5-11, 20-21, 25-46.] The District Court, *Duffey, J.*, found Movant "competent to understand these proceedings and . . . competent to enter a knowing and [voluntary] plea of guilty . . . ." [*Id.* at 47.]

Because the Court must presume that Movant's statements under oath during the plea colloquy were true, he bears "a heavy burden" to show that those statements were actually false. *United States v. Garcia*, 322 Fed. Appx. 918, 919 (11th Cir. Apr. 13, 2009) (per curiam) (citing *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)); *see also Connolly*, 568 Fed. Appx. at 771 ("The Supreme Court has determined that a defendant's representations at a plea hearing 'constitute a formidable barrier in any subsequent collateral proceedings.' ") (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)); *see also United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (holding that defendant bears heavy burden to show that his statements under oath at plea colloquy were false).

Movant states that the chief of security at his facility placed him in administrative segregation for eleven months "because of concerns about his mental health." [Doc. 463-1 at 24-25.] However, that allegation does not show that Movant was

7

incompetent or made false statements during the plea colloquy. The undersigned concludes that Movant fails to satisfy his heavy burden. Therefore, Movant is not entitled to relief on his claims of ineffective assistance of counsel before he pleaded guilty. *See Patel v. United States*, 252 Fed. Appx. 970, 975 (11th Cir. Nov. 1, 2007) (per curiam) (determining that movant's § 2255 allegations in direct conflict with statements during plea colloquy and unsupported by evidence did not establish involuntariness of plea).

Movant's only claim of ineffective assistance of trial counsel at sentencing is that counsel should have argued that the Government breached the plea agreement. [*Id.* at 14-17.] According to Movant, counsel told him that his "maximum exposure was 120 months." [*Id.* at 15.] However, the plea agreement provided that the Government would recommend a sentence of 240 months. [Doc. 326-1 at 5.] Movant signed the agreement and indicated at the plea colloquy that he understood the agreement, including the 240-month sentencing recommendation. [*Id.* at 13-14; Doc. 363 at 15, 19-20, 36, 39-40.] Therefore, the Government did not breach the agreement, and trial counsel did not provide ineffective assistance at sentencing.

Accordingly, Movant should be denied § 2255 relief as to ground one.

8

AO 72A
(Rev.8/82)

### B. Grounds Two Through Five

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "Actual innocence means factual innocence, not mere legal

9

innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

In the present case, grounds two through five are procedurally defaulted because Movant failed to raise them on direct appeal. Movant states that he received ineffective assistance of appellate counsel. [Doc. 458 at 5-8.] However, Movant fails to show (1) deficient performance by appellate counsel in failing to raise those grounds, and (2) a reasonable probability that Movant would have prevailed on appeal. Grounds two through five lack merit because (1) Movant indicated during the plea colloquy that he understood his rights, charges, and plea agreement, and (2) the District Court, *Duffey, J.*, found him competent. Therefore, Movant fails to show cause and actual prejudice to excuse the defaults. Movant also fails to provide proof of actual innocence.

Accordingly, Movant should be denied § 2255 relief as to grounds two through five.

### III.  Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

10

Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

11

IV. **Conclusion**

For the reasons stated above,

**IT IS RECOMMENDED** that the § 2255 motion, [Doc. 458], be **DENIED**, a COA be **DENIED**, and civil action number 1:17-cv-3084-AT-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this ___15th___ day of March, 2019.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)